IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RONNY VAN GREEN,**
**# 09489-045,**

**Petitioner,**

vs.

**JAMES CROSS, Jr.,**

**Respondent.**                                   **Case No. 15-cv-295-DRH**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Ronny Van Green ("Green"), an inmate in the Federal Correctional Institution located in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Green challenges his enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (Doc. 1, p. 7). He contends that one of the predicate offenses giving rise to his status as an armed career criminal, i.e., a 1978 conviction in Missouri for stealing from a person, is not a "violent felony" under 18 U.S.C. § 924(e)(2)(B) and therefore does not qualify as a predicate offense. Green asks the Court to resentence him without the armed career criminal enhancement, in light of the United States Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), and its progeny.

This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in

United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  Upon review of the instant petition, the Court concludes that it would be premature to dismiss the petition under Rule 4 at this time.  Therefore, a response shall be ordered.

### I. Background

On June 24, 1997, Green was charged with the following crimes: (1) Count One – armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); (2) Count Two – use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and (3) Count Three – being an armed career criminal in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  *United States v. Green*, Case No. 97-cr-00087-DGK-1 (W.D. Mo. 1997) ("criminal case") (Doc. 29).[1]  Prior to trial, the Government filed a Notice of Information Pursuant to 18 U.S.C. § 3559, which would require a sentence of life imprisonment for Green upon conviction of the armed bank robbery count (Doc. 41, criminal case).  Green was found guilty of Counts One, Two, and Three,

---

[1] In order to determine Green's criminal and litigation history, the Court reviewed the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov).  *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).  Court documents are, of course, public records of which the Court can take judicial notice.  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

following a jury trial on September 17, 1997 (Doc. 81, criminal case). On December 9, 1997, Green was sentenced to concurrent terms of life imprisonment on Counts One and Three, to be followed by a consecutive term of sixty months' imprisonment on Count Two (Docs. 87, 88, criminal case).

The United States Court of Appeals for the Eighth Circuit affirmed the convictions and sentences on direct appeal. *United States v. Green*, 157 F.3d 617, 618-20 (8th Cir. 1998). Between 1998 and 2014, Green filed approximately twenty separate post-sentencing motions and petitions in an effort to attack his convictions and sentences in the United States District Court for the Western District of Missouri,[2] the United States Court of Appeals for the Eighth Circuit,[3] and the United States Supreme Court. Each was unsuccessful. The instant petition followed.

## II.   Habeas Petition

---

[2] *See, e.g., Green v. United States*, Case No. 00-cv-00552-NKL (W.D. Mo. 2000) (Docs. 20, 21) (denying motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on Mar. 29, 2001); *Id.* at Doc. 26 (denying motion for reconsideration on May 31, 2001); *Id.* at Doc. 28 (denying certificate of appealability on June 22, 2001); *Id.* at Doc. 31 (denying motion for leave to proceed *in forma pauperis* on appeal); *Id.* at Doc. 40 (denying motion for relief from judgment on June 8, 2004); *Id.* at 46 (denying motion for relief from judgment on June 20, 2006); *Id.* at 50 (denying motion for certificate of appealability on Sept. 26, 2006); *Id.* at 61 (denying motion for relief from judgment on June 20, 2011); *Id.* at Doc. 81 (denying motion for relief from judgment on Oct. 15, 2014).

[3] *See also Green v. United States*, Appeal No. 98-1052 (8th Cir. 1998) (denying motion to recall mandate on July 20, 2001, and July 25, 2008), cert. denied *Green v. United States*, No. 09-5562 (Oct. 5, 2009); *Green v. United States*, Appeal No. 01-2626 (8th Cir. 2001) (denying certificate of appealability and dismissing appeal on Sept. 18, 2001, and denying petition for rehearing on Oct. 25, 2001), cert. denied *Green v. United States*, No. 02-6325 (Oct. 21, 2002); *Green v. United States*, Appeal No. 04-2568 (8th Cir. 2004) (summarily affirming judgment of the district court on Sept. 24, 2004, and denying petition for rehearing on Dec. 1, 2004); *Green v. United States*, Appeal No. 06-3484 (8th Cir. 2006) (denying application for certificate of appealability on Nov. 9, 2006, and petition for rehearing on Jan. 19, 2007), cert. denied *Green v. United States*, No. 06-10653 (May 14, 2007); *Green v. United States*, Appeal No. 11-3857 (8th Cir. 2011) (denying application for certificate of appealability on Mar. 27, 2012, and petition for rehearing June 13, 2012).

In the operative Section 2241 petition, Green contends that his 1978 conviction in Missouri for stealing from a person ("Missouri stealing conviction") is not a "violent felony" and therefore cannot support an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") (Doc. 1, p. 7; Doc. 1-1, p. 2). The ACCA imposes a 15-year mandatory minimum sentence on an offender who has three prior convictions "for a violent felony or a serious drug offense." *Id.* A "violent felony" is defined under the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

When Green pleaded guilty to the offense in 1978, he denied the use or threatened use of a firearm (Doc. 1, p. 7). He also denied the use, attempted use, or threatened use of physical force against a person, or any aggressive conduct that presented a serious potential risk of physical injury to another (*Id.*). Green claims that the Missouri Circuit Court considered the offense to be a misdemeanor and sentenced him to a maximum term of one year of imprisonment.

When the United States District Court for the Western District of Missouri applied the ACCA enhancement to sentence Green to a life term of imprisonment as an armed career criminal, the sentencing court allegedly relied on the charges

in the State's indictment. The charges included first degree robbery and armed criminal action (Doc. 1-1, p. 12; Doc. 1-2, p. 2). The district court overlooked the fact that the first degree robbery charge was amended to "stealing from the person," and the handgun charge was dismissed. In addition, the district court overlooked the fact that Green was only sentenced to one year of imprisonment because the Missouri stealing conviction was treated as a misdemeanor under MO. REV. STAT. §§ 558.011(5) and 570.030(7). Finally, Green argues that he did not receive any criminal history points for his misdemeanor conviction (*Id.*).

Under the circumstances presented, Green maintains that the Missouri stealing conviction does not satisfy the requirements for a "violent felony" under 18 U.S.C. § 924(e)(2)(B) and its subparts (Doc. 1 p. 7; Doc. 1-1, p. 3). He further contends that the United States Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), support his position and provide the proper framework for determining whether his Missouri stealing conviction is a "violent felony" under the ACCA. *See also United States v. Higgins*, 710 F.3d 839 (8th Cir. 2013); *Unites States v. Hennecke*, 590 F.3d 619 (8th Cir. 2010) (Doc. 1-1, p. 4); *Brown v. Rios*, 696 F.3d 638 (7th Cir. 2012); *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011); *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010).

In short, Green maintains that the Missouri stealing conviction did not qualify as a predicate offense and therefore cannot be used to enhance Green's

sentence under the ACCA (Doc. 1, p. 7).  Doing so allegedly resulted in the imposition of a sentence that exceeds the statutory maximum, as applied to Green (*Id.*).  He argues that it amounts to a fundamental defect in his sentence and a miscarriage of justice.  Green asks the Court to resentence him without the armed career criminal enhancement.

### III.  Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence.  *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  Instead, a federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him.  A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under Section 2255.  A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  Green has repeatedly sought

permission to file a second or successive Section 2255 motion without success.

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under Section 2241. *See* 28 U.S.C. § 2255(e). Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "A procedure for post-conviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new *statutory* interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Green's petition generally satisfies the *Davenport* requirements. *Begay* is a statutory interpretation case, and the Seventh Circuit has held that the first

*Davenport* requirement is satisfied in challenges based on *Begay*'s interpretation of "violent felony" under the ACCA. *See, Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). The *Begay* decision applies retroactively and could not have been invoked at the time that Green filed his first Section 2255 petition. *Brown v. Rios*, 696 F.3d at 640. Finally, an erroneous sentence enhancement based on the misapplication of the ACCA states a cognizable claim in this context.

Without commenting on the merits of Green's petition, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts. Accordingly, a response shall be ordered.

### IV. Disposition

**IT IS HEREBY ORDERED** that Respondent Warden James Cross, Jr. shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered (on or before May 15, 2015).[4] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[4] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Signed this 15th day of April, 2015.**

Digitally signed by David R. Herndon
Date: 2015.04.15 16:14:07 -05'00'

**United States District Judge**