IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RONNY VAN GREEN,**

        **Petitioner,**

**vs.**                                      **Civil No.  15-cv-295-DRH-CJP**

**JAMES CROSS, JR.,**

        **Respondent.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Ronny Van Green filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (Doc. 1). This matter is now before the Court on respondent's Motion to Dismiss. (Doc. 14).

In 1997, a jury in the Western District of Missouri convicted petitioner of armed bank robbery, use of a firearm during a crime of violence, and being an armed career criminal in possession of a firearm. He was sentenced to life imprisonment on Count One under 18 U.S.C. §3559(c)(1)("three strikes" law), and to life imprisonment on Count Three under 18 U.S.C. §924(e)(Armed Career Criminal Act, or ACCA). He was also sentenced to a consecutive term of sixty months on Count Two.

The petition is directed to the life sentence under the ACCA. Green argues that he should not have been sentenced under §924(e) because one of his predicate offenses did not qualify as either a felony or a violent crime. Respondent argues that Green is precluded from making this argument in a

§2241 petition.

## Relevant Facts and Procedural History

The presentence investigation report stated that Green was convicted in 1978 of stealing from a person in Jackson County, Missouri. A second count of armed criminal action was dismissed. Green was sentenced to one year of imprisonment. The report stated, "The defendant was originally charged with robbery first degree. According to the Information, the defendant robbed the victim with the use of a handgun. The defendant took the victim's wristwatch, money, and other property by force and violence." Doc. 14, Ex. 2, p. 4, ¶40.

Petitioners' direct appeal raised only an issue as to the life sentence on the bank robbery count under the "three strikes" law. *United States v. Green*, 157 F.3d 617 (8th Cir. 1998).

In June, 2000, petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255 in the Western District of Missouri, raising a number of claims. Among other points, he argued that counsel had been ineffective for failing to argue that his 1978 conviction for stealing from a person was not a violent crime. In her order denying the motion, District Judge Nanette K. Laughrey noted that counsel had, in fact, argued at trial that the stealing conviction was a misdemeanor and not a felony, and further noted that Green did not dispute that point or dispute the fact that his stealing conviction was a Class C felony. Judge Laughrey held that counsel had not been ineffective because the argument that stealing from a person was not a violent crime had no merit.

Judge Laughrey noted that she had adopted the information in the pretrial investigation report as her findings, and found that the crime of stealing from a person under Missouri law has as an element the threatened use of physical force. "Looking at the elements of stealing under Missouri law, it clearly has as a possible element the threatened use of physical force, making it a violent felony for purposes of the ACCA."  *Green v. United States*, Case No. 00-cv-552-NKL, Doc. 20, pp. 8-10 (W.D. Mo., March 30, 2001).  The Eighth Circuit Court of Appeals denied a certificate of appealability on September 18, 2001.  Case No. 00-cv-552-NKL, Doc. 32.

In April, 2004, Green filed a motion for relief from judgment in his §2255 case, which was denied.  Case No. 00-cv-552-NKL, Docs. 33 & 40.  The Eighth Circuit summarily affirmed.  Case No. 00-cv-552-NKL, Doc. 43.

Green filed a number of additional motions for relief from judgment in the Western District of Missouri.  In an order dated June 20, 2011, Judge Laughrey noted that Green's motions had been denied by the District Court, the Court of Appeals and Supreme Court a total of 17 prior times.  Case No. 00-cv-552-NKL, Doc. 61.  The Eighth Circuit denied a certificate of appealability in March, 2012.  Case No. 00-cv-552-NKL, Doc. 73.

Green filed yet another motion for relief from judgment in June, 2014.  Case No. 00-cv-552-NKL, Doc. 75.  Among other points, he argued that his 1978 conviction for stealing from a person was a misdemeanor and therefore could not be used as a predicate crime for purposes of the ACCA.  The motion was denied

in October, 2014. Case No. 00-cv-552-NKL, Doc. 83.

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his

Page **4** of **9**

detention." 28 U.S.C. § 2255(e). See, *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir.2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

Respondent's motion to dismiss is well-taken. This Court cannot entertain Green's petition because it does not fit within the savings clause of 28 U.S.C. §2255(e).

In order to show that §2255 is inadequate, a petitioner must "first show that the legal theory he advances relies on a change in law that both postdates his first §2255 motion (for failure to raise a claim the first time around does not

render §2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), citing *Davenport*, 147 F.3d at 611. Where the claim being advanced in the §2241 petition could have been, or was, advanced in a prior §2255 motion, the remedy offered by §2255 is not inadequate or ineffective. *Taylor v. Gilkey*, 314 F.3d 832, 835-836 (7th Cir. 2002); *Davenport*, 147 F.3d at 609.

The claims that petitioner raises in his §2241 petition are not new. They were available to him at the time he filed his §2255 motion, and they were actually raised in one form or another in his initial §2255 motion. Green argued in his §2255 motion that counsel was ineffective for failing to argue that his 1978 stealing conviction did not qualify as a violent crime under the ACCA. He could also have raised the claim that that his stealing conviction was a misdemeanor. The fact that his claims were unsuccessful does not mean that the remedy afforded by §2255 was inadequate to test the legality of his detention. *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). Therefore, he cannot invoke §2241.

In his memorandum in support of his petition, Green also argues that his stealing conviction could not be used to enhance his sentence under U.S.S.G. §4B1.1 because he was not assessed any criminal history points based on that conviction. See, Doc. 1, Ex. 1, p. 4. That argument is irrelevant because his sentence was not enhanced under §4B1.1; he was sentenced as an armed career criminal under 18 U.S.C. §924(e). In any event, that argument, like his other arguments, is not new and could have been raised in his §2255 motion.

Green tries to demonstrate reliance on a change in the law by citing *Begay v. United States*, 128 S. Ct. 1581 (2008). *Begay* concerned the application of the residual clause of the ACCA. *Begay* was implicitly overruled by *Johnson v. United States*, ⸺ U.S. ⸺, 135 S.Ct. 2551 (2015), in which the Supreme Court held that that the residual clause is unconstitutionally vague.

Neither *Begay* nor *Johnson* has any application to Green's case because he was not sentenced under the residual clause of the ACCA. Rather, Judge Laughrey determined that his conviction for stealing from a person is a violent felony for purposes of the ACCA under the elements clause, not the residual clause. Green's argument here boils down to an attack on the correctness of Judge Laughrey's conclusion. He does not rely on any new rule of law. He cites *Descamps v. United States*, 133 S.Ct. 2276 (2013) in his response, but that case does not announce a new rule. Rather, *Descamps* reaffirmed the "categorical approach" and "modified categorical approach" analysis established in *Taylor v. United States*, 110 S. Ct. 2143 (1990). *Descamps*, 133 S. Ct. at 2283-2284. Judge Laughrey cited *Taylor* in her order denying Green's §2255 motion. See, *Green v. United States*, Case No. 00-cv-552-NKL, Doc. 20, p. 9 (W.D. Mo., March 30, 2001).

In short, petitioner's arguments do not rely on a new rule of statutory construction, or on a new rule of any kind. They are all arguments that he raised or could have raised in his §2255 motion. His disagreement with the resolution of that motion does not mean that the remedy offered by §2255 is

inadequate or ineffective. "Paragraph 5 [i.e., §2255(e)] poses the question whether the remedy is adequate 'to test the legality' of the detention. This implies a focus on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

Lastly, even if petitioner were to prevail on his habeas petition, the length of his incarceration would not be changed. He is serving a life sentence on the bank robbery charge, imposed under 18 U.S.C. §3559(c)(1), the "three strikes" law. He did not raise any issue as to that sentence in his petition. In his response to the motion to dismiss, he suggests that he was erroneously sentenced under §3559(c)(1) because one of his prior robbery convictions should not have been used as a "strike." However, Green raised that very issue on direct appeal. *Green*, 157 F.3d at 619. The argument he advances here has already been rejected by the Eighth Circuit and does not rely upon any new rule. Therefore, for the reasons set forth above, he cannot challenge the life sentence imposed on the bank robbery charge in a §2241 petition.

## Conclusion

Respondent's Motion to Dismiss (Doc. 14) is **GRANTED**. Ronny Van Green's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

### Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 13th day of August, 2015

Digitally signed by David R. Herndon
Date: 2015.08.13 09:56:25 -05'00'

**United States District Court Judge**